CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Phone (907) 276-6173
Fax (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LORA A. ASPIOTIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:06-CV-02-002 -TMB |
| ) | |
| vs. ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **MOTION TO REMAND CASE** |
| SAFEWAY, INC., d/b/a CARRS ) | **TO THE DISTRICT COURT** |
| QUALITY CENTERS, ) | **FOR THE STATE OF ALASKA** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**Introduction**

This case should not be heard by this court. This is a case that was filed in the

district court for the state of Alaska, not in the superior court because the amount in

controversy is under $50,000. Even if the defendant is deemed to be a non-resident

of Alaska, the amount in controversy is under $75,000 and not within this court's

jurisdiction under 28 U.S.C.A 85§1332(a). Although this court may have the

resources to handle this type of case, it would be stretching its jurisdictional limits to

handle such a matter.  Based on the lack of jurisdiction it should be returned to the

district court for the state of Alaska where it can be better addressed and handled.

**Facts**

On August 3, 2003, the plaintiff, Lora A. Aspiotis, was shopping at the

Eastgate Carrs in Anchorage with her developmentally disabled son.  After making

her purchases she walked out of the entranceway carrying her son and a bag..  As she

reached the curb portion of the sidewalk directly in front of the entranceway, she fell

on a broken area of the curb/sidewalk.  The fall was caught on a store videotape of

the entranceway.

After the fall Ms. Aspiotis was assisted by the store manager and went home.

She scraped and bruised her knee and developed pain in her lower back, spine, and

neck.  When the spinal pain did not go away she sought care with a chiropractor,

William Ross, D.C.  She was treated from August 26, 2003, until October 6, 2003,

and released by Dr. Ross.  Dr. Ross' base bill is $3377 and currently $4317.89 due to

interest.  Exhibit 1.  Ms. Aspiotis did not lose wages due to her fall and has not had

further care related to her fall.  Her claim consists of her medical bills and non-

economic damages.

After Carrs/Safeway declined to settle this matter this suit was timely filed in

district court for the state of Alaska.  It was filed in that court since the damages and

this case did not meet the jurisdictional limits of the superior court for the state of

Alaska.  Although the state district court limits have increased over the years, this case has a monetary value of under $50,000.  Attached is an Affidavit of Lora A. Aspiotis which states that her claim is under the jurisdictional limits of this court. Exhibit 2.  This case involves a long time Alaska store and business that, albeit currently owned by a national corporation, is essentially an Alaska business, not an out of state business. Ms. Aspiotis is a resident of the state of Alaska.

The federal district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs and is a diversity action.  28 U.S.C.A. 85 § 1332(a).[1]  In determining whether the jurisdictional limit is met, the amount that plaintiff claims as damages in his complaint controls.  *Ramchandra v. Amtrak Nat. R.R. Corp.*, 345 F.Supp. 33, 34 (D.Mass. 2004).  In this case she did not state a set amount of damages but stated that her claim was within the state district court jurisdiction.  Her affidavit seeks to clarify this issue.

---

[1] 28 U. S.C.A. 85 § 1332(a) states:

(a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

In determining the amount in controversy, the court may rely upon a variety of documents to determine if the amount in controversy exceeds the $75,000 limit, including written settlement demands. *Arellano v. Home Depot USA Inc.*, 245 F.Supp.2d 1102, 1108 (S.D.Cal. 2003). For instance, a settlement demand or offer is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Id.*; *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839 (9th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997)(plaintiff's settlement offer properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (settlement offer is relevant to determining amount in controversy).[2] After all, the plaintiff is the master of his or her claim and decides how much money to demand. *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) *citing* 14A Wright, Miller & Cooper §3702 at 22; *Dunlap v. New York Life Ins. Co.*, 958 F.Supp. 589 (D.C.Fla.1997)(sum claimed by plaintiff generally controls if made in good faith, but details in complaint may indicate that greater amount actually is in

---

[2] *Sayre v. Potts,* 32 F.Supp.2d 881, 886 (S.D.W.V.1999)(when reviewing jurisdiction, the court may examine the complaint, the parties' memoranda, the settlement negotiation history of a case, and the representations made by the parties during those negotiations.) In *Faulkner v. Astro-Med, Inc.,* 1999 WL 820198 (N.D.Cal. 1999), the plaintiff's first settlement offer was for $72,000, with each side to bear their own fees and costs. This amount included all compensatory damages, attorney's fees and punitive damages. A more recent settlement offer for under $50,000 also included compensatory damages, attorney's fees and punitive damages. The court found that these offers tended to support plaintiff's claim that he was seeking a total of less than $75,000. *Id.* at 3.

controversy).[3]  Moreover, Federal Rule of Evidence 408 does not prohibit allowing settlement offers into evidence to determine the amount in controversy. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839 (9th Cir. 2002).  This is because the evidence is not offered to establish the amount of liability but merely to indicate the plaintiff's assessment of the value of his damages.  *Id.* at 840, n.3.

In this case the plaintiff is seeking an award under $50,000 and not within the jurisdictional limits of this court.  (See Affidavit of Lora A. Aspiotis).  Her medical bills are under $5000, her treatment was limited and she has no wage loss. This is not a case that this court is procedurally designed to handle in a judicially economic manner.  Ms. Aspiotis should not have to undergo extensive disclosures, depositions, discovery, motion practice, the federal jury selection process, federal jury instructions, trial briefs, etc., for a case of this value.  Likewise, the federal court should not have to call a jury consisting of individuals from Kodiak, Talkeetna, Palmer, etc., for this matter.  The case was filed in good faith in state district court and should be returned to that court to be handled there.

Additionally, this is a case against a Carrs store.  Carrs is a uniquely Alaskan business that is owned by Safeway.  To the best of our knowledge, Carrs

---

[3] *See also Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994)(In response to defendant's interrogatory, plaintiff indicated that he was seeking $50,000 in damages. The court found there was no diversity jurisdiction, stating that, "[a]lthough they were but a penny shy, [plaintiff] and his counsel have defeated their own cause by failing to allege the jurisdictional amount."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)(When the plaintiff has requested an amount less than $50,000, the defendant has the heavy burden of showing to a legal certainty that the claim in fact exceeds $50,000 in order to establish diversity jurisdiction.).

only exists in Alaska.  The Eastgate Carrs store has been a fixture in Muldoon for several decades.  In this case there exists commonality of citizenship which should act to prevent diversity.  Although, Walmart has a practice of removing cases to federal court in hopes of finding a favorable forum, Carrs has traditionally handled their disputes in state courts.  It is unclear why they removed this action to this court other than for tactical purposes.  However, this is a case without diversity involving a broken sidewalk/curb at a local Anchorage store.  In this case diversity does not truly or practically exist and the matter is a smaller case meant to be handled in state district court where it was filed.

**Conclusion**

This is a case which should be handled in state district court.  It does not have a value or diversity to proceed in federal court, subject to the federal rules and procedures.

DATED this 14th day of February, 2006.

CHARLES W. COE
Attorney for Plaintiff


_____

Charles W. Coe
ABA#7804002

A copy of the foregoing Memorandum in Support of
Motion to Remand Case to District Court was
served electronically upon:

Cynthia L. Ducey
Delaney, Wiles, Inc.